**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **AIM STAFFING, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action File No:** |
| | ) | |
| v. | ) | **4:11-CV-00240-HLM** |
| | ) | |
| **NOTS LOGISTICS, L.L.C.,** | ) | **DEFENDANT NOTS LOGISTICS'** |
| **NASHVILLE MATERIAL &** | ) | **RESPONSE TO PLAINTIFF'S** |
| **SUPPLY, L.L.C., and DAWN,** | ) | **STATEMENT OF MATERIAL** |
| **LLC,** | ) | **FACTS TO WHICH THERE IS** |
| | ) | **NO GENUINE ISSUE TO BE** |
| Defendants. | ) | **TRIED** |
| | ) | |

Pursuant to LR 56.1, NDGa., Defendant NOTS Logistics, L.L.C. ("NOTS Logistics") submits the following response to Plaintiff's Statement of Material Facts to Which There is No Genuine Issue to be Tried ("Plaintiff's SMF"). In this case, Defendants have filed their own motion for summary judgment with respect to all of Plaintiff's claims, including Plaintiff's claim for breach of contract (for which Plaintiff seeks summary judgment) against NOTS Logistics. As such, NOTS Logistics generally states that each of the facts contained in Plaintiff's SMF are not material. By responding to Plaintiff's SMF, NOTS Logistics does not submit that there are genuine issues of fact to be tried in this case. NOTS Logistics

1

maintains that summary judgment is due to be granted against Plaintiff on all of Plaintiff's claims.[1]

1. As for the facts contained in Plaintiff's SMF No. 1, NOTS Logistics admits only the portion of SMF No. 1 that, in February 2011, representatives of NOTS Logistics and AIM Staffing met at the tire plant; Plaintiff's citation does not support the remainder of the facts contained in Plaintiff's SMF No. 1 (*i.e.*, "to discuss the possibility of AIM Staffing supplying temporary workers to NOTS Logistics for work at the tire plant.").

2. NOTS Logistics objects that Plaintiff has failed to comply with the provisions set out in LR 56.1 B.(1) requiring separately numbered factual statements, each supported by a citation to evidence proving such fact. However, NOTS Logistics admits the facts contained in Plaintiff's SMF No. 2.

3. As for the facts contained in Plaintiff's SMF No. 3, Plaintiff's citation does not support the fact stated that "NOTS Logistics began <u>ordering</u> temporary workers from AIM Staffing in March 2011." (emphasis supplied). While NOTS Logistics admits that AIM Staffing began supplying workers to NOTS Logistics in or about March 2011, Plaintiff's cited evidence does not support the fact that

---

[1] Because Plaintiff's Motion for Partial Summary Judgment is directed to the breach of contract count brought solely against Defendant NOTS Logistics, the other named Defendants in the case provide no response.

NOTS Logistics <u>ordered</u> said workers.  Moreover, to the extent Plaintiff's SMF No. 3 implies that there was any contractual agreement when AIM Staffing began supplying workers, it is undisputed that AIM Staffing supplied those workers without any agreement between itself and NOTS Logistics regarding the terms and conditions of the relationship between the parties.  (*See* Deposition of Jason Povolish ["Povolish Dep."] 16:24 – 18:11; Deposition of David Finney ["Finney Dep."] 18:14 – 22; Deposition of Michael Jackson ["M. Jackson Dep."] 32:16 – 33:1.)[2/]

    4.    NOTS Logistics denies the facts contained in Plaintiff's SMF No. 4.  When AIM Staffing contacted NOTS Logistics' management about getting the contract signed, NOTS Logistics told AIM Staffing that the contract was being reviewed by legal.  (M. Jackson Dep. 29:8 – 33:1, 33:4 – 34:16, 50:15 – 18; M. Jackson Dep. Exhibits 7, 8).  Moreover, Plaintiff's cited evidence does not support the facts contained in Plaintiff's SMF No. 4.  NOTS Logistics further objects that Plaintiff's citation of "See generally Court's record" does not comply with the provisions set out in LR 56.1 B.(1).

---

[2/]    All of the materials cited by NOTS Logistics herein are contained in Defendants' Appendix in Support of Motion for Summary Judgment previously filed with Defendants' summary judgment papers.

5. Plaintiff's SMF No. 5 is not material because it does not demonstrate NOTS Logistics' assent to the terms of the purported contract between the parties which are at issue in this case, namely the 60-day notice of termination and the hiring of temporary employees provisions.

6. Plaintiff's SMF No. 6 is not material because it does not demonstrate NOTS Logistics' assent to the terms of the purported contract between the parties which are at issue in this case, namely the 60-day notice of termination and the hiring of temporary employees provisions.

7. Plaintiff's SMF No. 7 is not material because it does not demonstrate NOTS Logistics' assent to the terms of the purported contract between the parties which are at issue in this case, namely the 60-day notice of termination and the hiring of temporary employees provisions.[3]

8. Plaintiff's SMF No. 8 is not material because it does not demonstrate NOTS Logistics' assent to the terms of the purported contract between the parties which are at issue in this case, namely the 60-day notice of termination and the hiring of temporary employees provisions.

---

[3] NOTS Logistics notes that Plaintiff's citation likely should be to the deposition of Nicholas Kyle Barnett at 32:5 – 32:18, not 31:5 – 31:18 as presented. NOTS Logistics believes this to be a scrivener's error.

9. NOTS Logistics admits the facts contained in Plaintiff's SMF No. 9 as written; however, NOTS Logistics denies that it assented, or otherwise agreed, to said contractual provision. (*See* M. Jackson Dep. 47:25 – 48:20; Deposition of Anita Jackson ["A. Jackson Dep."] 28:22 – 29:1, 29:14 – 25.)

10. NOTS Logistics admits the facts contained in Plaintiff's SMF No. 10 as written; however, NOTS Logistics denies that it assented, or otherwise agreed, to said contractual provision. (*See* M. Jackson Dep. 47:25 – 48:20; A. Jackson Dep. 28:22 – 29:1, 29:14 – 25.)

11. NOTS Logistics admits the facts contained in Plaintiff's SMF No. 11.

12. NOTS Logistics admits the facts contained in Plaintiff's SMF No. 12.

### **Plaintiff's Additional Factual Statements Contained Only in Its Brief**

Plaintiff sets out a number of facts within its brief that either: (1) are not included in its statement of material facts; (2) cite to a pleading as opposed to evidence; or, (3) are stated as an issue or legal conclusion. However, LR 56.1 B.(1) states that the Court "will not consider any [such] fact." Out of an abundance of caution, NOTS Logistics hereby responds to each of these "additional" factual statements made by Plaintiff in its brief.

1. "Toyo Tires operates a large tire manufacturing plant in Bartow County, Georgia. NOTS Logistics has, for the past three to four years, been

contracted by Toyo Tires to operate the warehouse and shipping facility at this Toyo Tires plant.  See Depo. Jason Povolish 26:25 – 27:4 (July 18, 2012) (Mr. Povolish is Vice President of Operations for NOTS Logistics.  See id. 8:18 – 8:23)."  This statement appears in the first full paragraph on page two (2) of Plaintiff's brief.

NOTS Logistics' Response:  As for this statement, the evidence cited does not support the assertion that "Toyo Tires operates a large tire manufacturing plant in Bartow County, Georgia."  NOTS Logistics admits the remainder of the facts in this statement.

2. "(Mr. Barnett is the warehouse manager for NOTS Logistics at the White, Georgia tire plant.  See id. at 8:10 – 8:12)."  This statement appears in the first full paragraph on page two (2) of Plaintiff's brief.

NOTS Logistics' Response:  NOTS Logistics admits the facts in this statement.

3. "NOTS Logistics internally (without communicating to AIM Staffing) even made notations on the face of the contract.  See Depo. David Finney 45:17 – 51:25 (July 17, 2012) (Mr. Finney is the Comptroller for NOTS Logistics.  See id. at 7:23 – 7:25) and Exhibits 5, 6, and 7 to Depo. David Finney."  This statement

appears in the first incomplete paragraph located at the top of page three (3) of Plaintiff's brief.

NOTS Logistics' Response:  As for this statement, the evidence cited does not support the assertion that the notes made by Finney on the purported contract were not communicated to AIM Staffing.  NOTS Logistics admits the remainder of the facts in this statement.

4. "AIM Staffing continued to supply workers to NOTS Logistics until May 14, 2011.  See Exhibit B (produced in discovery by NOTS Logistics as NOTS_0249."  This statement appears in the first full paragraph on page three (3) of Plaintiff's brief.

NOTS Logistics' Response:  NOTS Logistics admits the facts in this statement.

5. "NOTS Logistics has not raised any claim or defense predicated on AIM Staffing's acts or omissions.  See Defendants' Answer."  This statement appears in the first incomplete paragraph beginning at the top of page four (4) of Plaintiff's brief.

NOTS Logistics' Response:  This statement improperly cites to pleadings in this matter, not evidence, and is an issue or legal conclusion, improperly included as a factual statement; as such, it may not be considered by the Court.

6.      "In short, NOTS Logistics always conducted itself as if the contract was in full force and effect for over two months until NOTS Logistics hired away AIM Staffing's employees."  This statement appears in the first incomplete paragraph beginning at the top of page four (4) of Plaintiff's brief.

NOTS Logistics' Response:  This statement is an issue or legal conclusion, improperly included as a factual statement, and may not be considered by the Court.

7.      "As a direct result of NOTS Logistics breaching the contract in these three ways, AIM Staffing has been damaged in an amount exceeding $69,000.00. See Complaint."  This statement appears in the second complete paragraph on page 12 of Plaintiff's brief.

NOTS Logistics' Response:  This statement improperly cites to pleadings in this matter, not evidence, and is an issue or legal conclusion, improperly included as a factual statement; as such, it may not be considered by the Court.

Respectfully submitted this 4th day of December, 2012.

                s/Steven G. Hopkins
                Steven G. Hopkins, Esq.
                Georgia Bar No. 142427
                shopkins@constangy.com
                Timothy R. Newton, Esq.
                Georgia Bar No. 542200
                tnewton@constangy.com

**Constangy, Brooks & Smith, LLP**
230 Peachtree Street, N.W.
Suite 2400
Atlanta, Georgia 30303-1557
Telephone:  (404) 525-8622
Facsimile:    (404) 525-6955
**Attorneys for Defendants NOTS Logistics, L.L.C., Nashville Material & Supply, L.L.C., and Dawn, LLC**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| AIM STAFFING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No: |
| | ) | |
| v. | ) | 4:11-CV-00240-HLM |
| | ) | |
| NOTS LOGISTICS, L.L.C., | ) | |
| NASHVILLE MATERIAL & | ) | **CERTIFICATE OF SERVICE** |
| SUPPLY, L.L.C., and DAWN, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I hereby certify that on December 4, 2012, I electronically filed the foregoing ***Defendant NOTS Logistics' Response to Plaintiff's Statement of Material Facts to Which There is No Genuine Issue to be Tried*** using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney(s) of record for Plaintiff:

Konrad G.W. Ziegler, Esq.
Douglas H. Flint, Esq.

                                   s/Steven G. Hopkins
                                   Steven G. Hopkins, Esq.
                                   Georgia Bar No. 142427

**Constangy, Brooks & Smith, LLP**
230 Peachtree Street, N.W.
Suite 2400
Atlanta, Georgia 30303-1557
Telephone:  (404) 525-8622      **Attorneys for Defendants NOTS**
Facsimile:   (404) 525-6955      **Logistics, L.L.C., Nashville Material**
shopkins@constangy.com        **& Supply, L.L.C, and Dawn LLC**